UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CR-82-PPS-JEM |
| | ) | |
| KATHY LYNCH | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Abizer Zanzi and Kevin Wolff, Assistant United States Attorneys, and submits this memorandum for the Court's consideration in advance of Defendant Kathy Lynch's sentencing hearing.

## I. Introduction

Between 1999 and 2015, business owner Kathy Lynch withheld over $474,000 in income and FICA taxes from her employee's paychecks and failed to remit those payments to the Internal Revenue Service. On March 1, 2023, Lynch was convicted by a jury of nine counts of Willful Failure to Pay Employment Taxes, in violation of 26 U.S.C. § 7202. There are no disputes to the Presentence Investigation Report. With an offense level of 18 and a criminal history category I, the PSR correctly calculates the Sentencing Guidelines range at 27 to 33 months. For the reasons articulated below, the

1

government recommends that Lynch receive a sentence of no less than 18 to 24 months.

## II. Factual Background

Kathy Lynch has owned and operated a nursing clinic in Kouts, Indiana, since February 1999 under two names: Kouts Family Health Care and Kouts Health Care. Lynch's disregard of her federal payroll tax obligations began as soon she opened her doors in 1999. When she first started, Lynch hired her friend Deborah Odle to prepare her payroll tax paperwork and calculate her payroll tax obligations. Odle performed this work faithfully, timely preparing Lynch's quarterly payroll tax reports (Forms 941) and identifying Lynch's payroll tax liabilities on a bi-weekly basis. Odle even provided pre-addressed envelopes for Lynch to mail her tax filings and payments. Odle has consistently provided these services to Lynch without interruption for over 20 years.

Employers are required to self-report their payroll tax obligations to the IRS on a quarterly basis through Form 941. Lynch filed the Form 941 for her first quarter of operations (First Quarter 1999) nearly three years late in March 2002. She waited until October 2008 to file the remaining Form 941s for tax year 1999 and did not file another quarterly report until November 2014. By choosing not to mail in the quarterly reports that Odle prepared for

her, Lynch hid from the IRS the large sum of payroll taxes that she kept for herself.

In December 2013, after years of failed attempts to obtain Lynch's payroll tax compliance through notices and letters, the IRS assigned Revenue Officer Carmen Onahan to Lynch's tax case. As detailed in the PSR, Lynch ignored and rebuffed Onahan's efforts at every step. Lynch gave the same treatment to IRS Field Examiner Doug Gustafson, who was assigned to audit Lynch's payroll tax liabilities for the years 2010 through 2013.

During this time when Lynch was being investigated by Onahan and Gustafson, Lynch refused to provide financial information about her business (bank statements, ledgers, etc.) that may have allowed her to take advantage of alternative payment plans or even payment reductions. This is because those financial disclosures would have revealed that Lynch's business had sufficient funds to pay the payroll tax obligations. For the nine charged quarters, in 2013 through 2015, Lynch owed approximately $66,000 in payroll taxes to the IRS. During those three years, Lynch generated over $1.3 million in gross revenue, and used company funds to make nearly $43,000 in car payments and gas station purchases, $15,000 in travel and entertainment, $75,000 in cash withdrawals, and $49,000 in payments for her personal Chapter 13 bankruptcy.

3

After Lynch was indicted in July 2019, Lynch continued to steal from the federal government by submitting fraudulent claims for Medicare reimbursement. From June 2019 through February 2020, Lynch submitted nearly 45 claims to Medicare using the Medicare National Provider Identification number of a former employee. Lynch was not an authorized Medicare provider and did not have authorization to use that former employee's number to bill Medicare.

### III.  Sentencing Recommendation

The duty to pay taxes is a fundamental civic obligation for every person residing and working in the United States. Employers are entrusted with facilitating the collection of taxes through paycheck withholdings. Lynch betrayed her civic duties by stealing more than $474,000 from her employee's paychecks and spending that money for herself and her business. Her persistent and willful misconduct over the span of 16 years commands a substantial prison sentence that reflects the seriousness of her offense, provides just punishment for her criminal conduct, promotes respect for the law and deters others from engaging in similar conduct.

Lynch's longstanding defiance of federal tax laws lacks any mitigating excuse or explanation. At trial, Lynch glibly testified that she paid what taxes she could and was willing to accept the penalties. From the outset of her

4

business, Lynch never took her payroll tax obligations seriously. She knew she was required to report to the IRS what she owed each quarter, and how much. She paid someone to help her with these tasks. But when faced with the choice to pay what she owed to the federal government or keep the money, Lynch chose the latter option. Lynch made a choice not to file the quarterly reports that Deborah Odle prepared for her because she did not want the IRS to know what she owed. Lynch made a choice to spend federal tax dollars held in trust for her own personal benefit, including making bankruptcy payments for personal debts she incurred over the years.

Even after more than a decade of non-compliance, Lynch could have avoided criminal prosecution by taking responsibility for her past misdeeds. Lynch was given ample opportunities to resolve her payroll tax debts through the civil collection and audit process. Instead, Lynch doubled down. When presented with the opportunity to work with well-intentioned IRS civil servants to remediate her tax debts, Lynch chose continued defiance and obfuscation.

The United States tax system cannot function if some taxpayers pay their fair share and others do not. The integrity of the system demands serious consequences for serious tax-dodgers like Lynch. The Sentencing Commission reflected these points in a policy statement contained within the guidelines:

5

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S.S.G,, Ch. 2, Pt. T, intro cmt. Put differently, firm enforcement of the tax laws sends a message to the majority of honest taxpayers that the system is fair and accountable. On the other hand, drastic sentencing reductions or probationary sentences for serious tax violations erodes trust in that system.

The government recognizes that there are factors under 18 U.S.C. § 3553(a) that weigh in favor of a below-guideline sentence, namely Lynch's age and years of contributions to her community as a health care professional. However, when weighing these factors, the Court should also consider the fact that Lynch's tax violations in this case began over 24 years ago. Further, Lynch's recent misuse of a former employee's Medicare number to receive reimbursements to which she was not entitled reveals much about her character and the honesty of her business practices. For all these reasons, the government asks that any downward variance from the guidelines not exceed three levels, which would be a minimum range of 18 to 24 months in prison.

6

Respectfully submitted,

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

/s/ *Abizer Zanzi*
Abizer Zanzi
Kevin Wolff
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
(219) 937-5500